IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BANK OF NEW YORK MELLON TRUST
COMPANY, THE NATIONAL ASSOCIATION,

        Plaintiff,

vs.                             Case No. 12-2342-JTM

DANA AND ALONZO WASHINGTON,

        Defendants.

MEMORANDUM AND ORDER

This matter comes to the court on Dana and Alonzo Washington's Emergency Motion to Stay Eviction Before June 04, 2012 (Dkt. No. 4). The basis of the motion, and of the dispute between the parties, centers around the plaintiff's action to evict the defendants from their home. For the reasons that follow, the court denies the motion.

The Washingtons attempted to remove this case from the Wyandotte County, Kansas District Court on May 31, 2012. They filed a Notice of Removal (Dkt. No. 1) in this court that does not contain a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendants." 28 U.S.C. § 1446(a). The Washingtons did attach several Kansas state court documents, many of them from the Kansas Court of Appeals, but they failed to attach the required documents, including the state court complaint. More importantly, they have not alleged grounds for diversity. It appears from the motion, that they are seeking removal based on diversity. However, liberally construing the motion, they have shown that the

amount in controversy is, at best, $13,000—well short of the required $75,000. *See* 28 U.S.C. § 1332(a). Additionally, it is likely the Washingtons did not timely file their Notice of Removal. *See* 28 U.S.C. § 1446(b), (c).

Setting aside the defects in the Notice of Removal, the Washingtons failed to meet the standard required for granting a Temporary Restraining Order. To obtain a temporary restraining order, the moving party has the burden of establishing that:

> 1. The party will suffer irreparable injury unless the injunction issues;
> 2. The threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party;
> 3. The injunction, if issued, would not be adverse to the public interest; and
> 4. There is a substantial likelihood that the [defendants] will eventually prevail on the merits.

*Resolution Trust Corp. v. Cruce*, 972 F.2d 1195, 1198 (10th Cir.1992) (alterations added). Here, the defendants have not shown that they will suffer irreparable injury or that there is a substantial likelihood that they will prevail on the merits. Other than providing a list of grievances against the plaintiff and why they think the eviction would be wrong, the Washingtons have made no attempt to show that the elements of relief have been satisfied. In fact, they have not cited any violation of federal law or of a federal right. Accordingly, the court must deny the motion for this reason alone.

Last, the defendants make direct references to the existence of state proceedings in this case, which raise the distinct possibility that this court should abstain from interfering in the litigation. *See, e.g.*, *Beck v. Wells Fargo Bank*, 2011 WL 3664287 (E.D. Pa. Aug. 19, 2011) (abstaining from an action seeking to enjoin a state foreclosure); *Bank of Am. v. Sharim, Inc.*, 2010 WL 5072118 (S.D.N.Y. Dec. 13, 2010) (same). *See generally Quackenbush v. Allstate Insurance*, 517 U.S. 706 (1996) (discussing abstention); *Younger v. Harris*, 401 U.S. 37 (1971) (same). From the documents provided, it appears the case has been, or may still be, pending in the Kansas Court of Appeals.

For the reasons noted above, the court denies the motion.

IT IS ACCORDINGLY ORDERED this 1st day of June 2012, that Dana and Alonzo Washington's Emergency Motion to Stay Eviction Before June 04, 2012 (Dkt. No. 4) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE
